QUESTION: May a sheriff appoint a special deputy for limited purposes and also grant to that special deputy only limited arrest powers under the provisions of s. 30.09(4), F.S., pertaining to special deputies?
SUMMARY: Under s. 39.09(4), F.S., a special deputy sheriff may be properly appointed for a limited purpose and with limited power of arrest. As a specific example, you asked whether a special deputy could be appointed with limited powers of arrest and his duties limited to the immediate vicinity of the jail or courthouse. Your question in answered in the affirmative. I make the assumption that when a special deputy would be working at the jail or courthouse, his function would be one primarily, if not solely, consisting of guard duties. As such, I consider that capacity as being embraced in s. 39.09(4)(c), F.S., which provides that the bonding requirements of s. 39.09(1)-(3), and the filing requirement of s. 38.08, F.S., are unnecessary when the special deputy is appointed: 30.09 Qualification of deputies; special deputies. — * * * * * (4)(c) For specific guard or police duties in connection with public sporting or entertainment events, not to exceed thirty days; or, for watchman or guard duties, when serving in such capacity at specified locations or areas only. (Emphasis supplied.) Section 39.09(4), F.S., also provides that such appointments may be made with full power of arrest. See AGO's 072-321 and 072-381. If a full power of arrest is permitted, then it logically follows that a limited power is likewise allowed. It is observed that the above-mentioned section requires that when an appointment such as the one considered here is made, the individual so appointed must possess at least the minimum requirements as set forth by the police standards board.